**Rappsodi R. ALI, Petitioner-Appellant,**

v.

**STATE of FLORIDA,**
**Respondent-Appellee.**

No. 85–3117
**Non-Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

Dec. 11, 1985.

Belle B. Turner, Asst. Atty. Gen., Daytona Beach, Fla., for respondent-appellee.

Before GODBOLD, Chief Judge, HILL and ANDERSON, Circuit Judges.

PER CURIAM:

Appellant Rappsodi R. Ali appeals from a district court order summarily dismissing his pro se petition for a writ of habeas corpus, before any response was filed by the state. The district court found that it was clear from the face of Ali's petition that he had failed to exhaust available state remedies as to each of the issues he had raised in his petition.

A petition for habeas corpus relief must be dismissed if the petitioner has failed to exhaust the remedies available in state court. 28 U.S.C. § 2254(b). In his petition, Ali acknowledged that two of his claims had not previously been presented in any other court. If any of the issues raised in a habeas corpus petition has not been exhausted, the petition as a whole must be dismissed. *Rose v. Lundy*, 455 U.S. 509, 522, 102 S.Ct. 1198, 1205, 71 L.Ed.2d 379 (1982). Although we have held that a habeas petition may not be dismissed for failure to exhaust state remedies before the state has responded and either set out a nonexhaustion defense or waived exhaustion, *David v. Spears*, 739 F.2d 634, slip op. at 2 (11th Cir.1984) (unpublished opinion),[1]

---

1. In *David*, the petitioner alleged that he had exhausted his state remedies. Prior to the state's response, however, the district court dismissed his petition for failure to exhaust. This court held that because the state had not had an opportunity to either assert a nonexhaustion

in this case it would be futile to remand the case because it is clear from the state's brief on appeal that it would not waive the exhaustion issue.

Because it is clear that the state is asserting exhaustion as a defense, and because it is clear that Ali did not exhaust available state remedies, the judgment of the district court is

AFFIRMED.[2]

---

defense or waive same, and because the record did not indicate whether petitioner failed to exhaust, the district court erred in dismissing his petition for failure to exhaust.

2. Ali's motion to strike the appendix to the state's brief on appeal is DENIED as moot. His motion for appointment of counsel, treated as a motion for reconsideration of this court's order of May 14, 1985, which denied appointment of counsel, is DENIED.