Allen Lee DAVIS, Petitioner,

v.

Louie WAINWRIGHT, Respondent.

No. 86–976–Civ–J–14.

United States District Court,
M.D. Florida,
Jacksonville Division.

Sept. 23, 1986.

See also, 461 So.2d 67.

Larry Helm Spalding, Capital Collateral Representative and Mark E. Olive, Litigation Director, Office of the Capital Collateral Representative, Tallahassee, Fla., for petitioner.

Gregory G. Costas, Asst. Atty. Gen., Tallahassee, Fla., for respondent.

## OPINION AND ORDER

SUSAN H. BLACK, District Judge.

This case is before the Court on the Petition For Writ Of Habeas Corpus By A Person In State Custody; Application For A Stay Of Execution And To Hold Petition In Abeyance Pending Exhaustion Of State Remedies; and the Motion For Stay Of Execution, filed herein on September 22, 1986. Petitioner's execution was scheduled for September 23, 1986, at 7:00 a.m., by warrant of the Governor of the State of Florida. At approximately 11:00 p.m., September 22, 1986, the United States Supreme Court stayed the execution and enforcement of the sentence of death until 3:00 p.m., September 23, 1986.

Petitioner was convicted and sentenced to death on March 2, 1983. Thereafter, petitioner's conviction and sentence were affirmed on direct appeal to the Florida Supreme Court on October 4, 1984. On August 8, 1986, the Governor issued the warrant of execution for 7:00 a.m., September 23, 1986. In a last minute attempt to stay the execution, petitioner filed a Petition for Extraordinary Relief on September 20, 1986, in the Florida Supreme Court. The Florida Supreme Court denied the Petition for Extraordinary Relief on September 22, 1986. Thereafter, petitioner filed for certiorari in the United States Supreme Court. In addition, petitioner filed a motion for post-conviction relief, pursuant to Fla.R.Crim.P. 3.850, on September 22, 1986. After a hearing, the trial court denied the

3.850 motion on September 22, 1986. On that same date, petitioner filed an appeal of the denial of his 3.850 motion with the Florida Supreme Court. At 10:30 p.m., September 22, 1986, petitioner filed the petition, the application for a stay and to hold in abeyance pending exhaustion, and the motion for stay presently before this Court.

On the face of the application and petition, petitioner alleges that a number of grounds in the petition are unexhausted, pending appeal of the 3.850 motion before the Florida Supreme Court. As far as the Court is aware at this time, the Florida Supreme Court has not ruled on the 3.850 motion. Petitioner requests the Court to hold the petition in abeyance pending the decision of the Florida Supreme Court, exhausting the grounds raised in the petition. For the following reasons, the Court declines to hold the petition in abeyance.

The judicially developed doctrine of abuse of the writ for intentionally delaying the raising of grounds for habeas relief is well-settled. *See, e.g., Antone v. Dugger,* 465 U.S. 200, 104 S.Ct. 200, 79 L.Ed.2d 147 (1984); *Booker v. Wainwright,* 764 F.2d 1371 (11th Cir.1985); *Witt v. Wainwright,* 755 F.2d 1396 (11th Cir.1985). This case does not present the issue of a deliberate delay in the form of a successive petition or deliberate bypass.

However, this case does present another form of a deliberate delay. The Court has observed a pattern emerging in the handling of Petitions for Writ of Habeas Corpus. The Office of Capital Collateral Representative, which has been appointed to assist persons sentenced to death, does not file for relief until the Governor issues a warrant for execution and very often the filing is delayed until one or two days prior to the scheduled execution.[1] On July 14, 1986, this Court previously stayed an execution because there was not sufficient time to address thoroughly the claims raised in the Petition for Writ of Habeas

Corpus. In *Stone v. Wainwright,* No. 86-792-Civ-J-14 (M.D.Fla.1986), the Petition and Application for Stay were filed July 11, 1986, and the execution was scheduled for July 15, 1986. While the Court stayed the execution in that case, the Court stated: "It should not be inferred that the Court will automatically stay an execution because of a last-minute filing of a first Petition."

 In the present case, there was nearly a two-year period after the decision on the direct appeal in which nothing was filed. It should not require the signing of the warrant and the imminence of the execution to spur persons under sentence of death to proceed with their collateral reviews. As previously indicated by the Court in *Stone,* the Court holds that this deliberate delay to achieve a last-minute stay of execution constitutes an abuse of the writ. The Court further holds that this abuse of the writ justifies the denial of the application to hold the petition in abeyance pending exhaustion and, even if the petition were exhausted, the denial of the petition in this case.

 Therefore, the Court will deny the petition for writ of habeas corpus on two grounds. First, the petition contains unexhausted grounds and, thus, is a mixed petition which, under the authority of *Rose v. Lundy,* 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982), will be dismissed. Second, the petition in this case constitutes an abuse of the writ.

Accordingly, it is

ORDERED:

1. That the Application For A Stay Of Execution And To Hold Petition In Abeyance Pending Exhaustion Of State Remedies, filed herein on September 22, 1986, is denied.

---

1. The Court would note that within twenty-four hours of the scheduled execution, petitioner filed pleadings in four courts attempting to obtain a last-minute stay. These courts include the Circuit Court of the Fourth Judicial Circuit, in and for Duval County, Florida; the Florida Supreme Court; the United States District Court, Middle District of Florida; and the United States Supreme Court.

2. That the Motion For Stay Of Execution, filed herein on September 22, 1986, is denied.

3. That the Petition For Writ Of Habeas Corpus By Person In State Custody, filed herein on September 22, 1986, is denied.

4. That the Clerk of the Court is hereby directed to enter Final Judgment dismissing this case.

5. That the Clerk of the Court shall give immediate telephonic notice of the contents of this Opinion and Order to counsel of record.

6. That petitioner is hereby given leave to appeal in forma pauperis without payment of fees and costs.

7. That a certificate of probable cause is hereby denied.