[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 23, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-12376
Non-Argument Calendar

_____

D. C. Docket No. 05-00747-CV-T-17-MSS

HUGH GILBERT MARTIN,

Petitioner-Appellant,

versus

SECRETARY, DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL, STATE OF FLORIDA,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(January 23, 2008)**

Before TJOFLAT, DUBINA and BLACK, Circuit Judges.

PER CURIAM:

Appellant Hugh Gilbert Martin, a Florida state prisoner serving sentences for attempted sexual battery, false imprisonment, and tampering with a witness, appeals the district court's denial of his *pro se* § 2254 habeas petition. We granted a certificate of appealability ("COA") on three issues: (1) whether the district court erred, or abused its discretion, in disregarding the State's written waiver of an exhaustion defense; (2) if not, whether the district court correctly found that eight of Martin's claims were unexhausted in state court because he failed to raise them there; and (3) whether the district court erred in denying Martin's claim that his constitutional right to a speedy trial was violated.

## I.

In June 2005, Martin, proceeding *pro se*, filed the present federal habeas corpus petition under 28 U.S.C. § 2254, raising 12 claims for relief and indicating that he raised none of them through a post-conviction motion or petition for habeas corpus in a state trial court, although he stated that all issues had been raised on direct appeal. One of the claims alleged that Martin's Sixth Amendment right to a speedy trial was violated.

The State responded, denying that Martin was entitled to relief. According to the State, all claims raised in Martin's petition were raised on direct appeal, but no collateral proceeding occurred under Fla.R.Crim.P. 3.850. Nevertheless, the

State noted that it "[did] not assert the exhaustion doctrine." The State also asserted that a speedy trial violation did not occur.

After reviewing Martin's state court record, the district court found that Martin failed to exhaust the federal dimension of eight of his claims. The court stated that "[t]he exhaustion of the federal dimension of a habeas claim is a statutory requirement that cannot be waived by this Court." The district court did not address the merits of the eight claims. Instead, it found that the eight claims were procedurally barred and denied relief.

The district court also found habeas relief was not warranted on Martin's speedy trial claim because there had been no deprivation of his federal constitutional rights. More specifically, the court considered the four factors from *Barker v. Wingo*, 407 U.S. 514, 92 S. Ct. 2182 (1972), and found that the Florida appellate court's decision that Martin's speedy trial rights were not violated was not contrary to or an unreasonable application of clearly established federal law or an unreasonable determination of the facts of the case and denied relief. Ultimately, the district court denied all of Martin's claims with prejudice. We subsequently granted a COA as to the three issues noted above.

**II.**

"We review *de novo* a district court's grant or denial of a habeas corpus

3

petition." *McNair v. Campbell*, 416 F.3d 1291, 1297 (11th Cir. 2005). Exhaustion presents a mixed question of law and fact, subject to *de novo* review. *Fox v. Kelso*, 911 F.2d 563, 568 (11th Cir. 1990). The pleadings of a *pro se* litigant are liberally construed. *See Pugh v. Smith*, 465 F.3d 1295, 1300 (11th Cir. 2006) (liberally construing a *pro se* petitioner's § 2254 pleadings).

Generally, a habeas petitioner cannot raise a claim in federal court if the claim was not first exhausted in state court. 28 U.S.C. § 2254(b)(1); *Kelley v. Sec'y for Dep't of Corr.*, 377 F.3d 1317, 1343 (11th Cir. 2004). Exhaustion protects the "States' sovereign power to punish offenders and their good-faith attempts to honor constitutional rights." *Engle v. Isaac*, 456 U.S. 107, 128, 102 S. Ct. 1558, 1572 (1982).

The exhaustion requirement is satisfied when the petitioner properly raised the issue in state court, even if the court did not rule on it. *Smith v. Digmon*, 434 U.S. 332, 333-34, 98 S. Ct. 597, 599 (1978). "It is settled that a habeas petitioner need not have sought state habeas relief so long as he has exhausted his direct appeal remedies." *Pedrero v. Wainwright*, 590 F.2d 1383, 1387 n.2 (5th Cir. 1979). [1]

---

[1]In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), we adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to October 1, 1981.

4

"The teeth of the exhaustion requirement comes from its handmaiden, the procedural default doctrine. If the petitioner has failed to exhaust state remedies that are no longer available, that failure is a procedural default which will bar federal habeas relief," unless one of two exceptions apply: cause and prejudice or fundamental miscarriage of justice. *Smith v. Jones*, 256 F.3d 1135, 1138 (11th Cir. 2001). If the petitioner never raised the claim in state court, and it is obvious that the unexhausted claim would be procedurally barred in state court, "the exhaustion requirement and procedural default principles combine to mandate dismissal." *Bailey v. Nagle*, 172 F.3d 1299, 1303 (11th Cir. 1999).

"Acting through their attorneys general, states can waive procedural bar defenses in federal habeas proceedings." *Hills v. Washington*, 441 F.3d 1374, 1376 (11th Cir. 2006). The requirement that habeas claims be exhausted is not jurisdictional and may be waived by the state. *Davis v. Dugger*, 829 F.2d 1513, 1521 (11th Cir. 1987). A district court may not dismiss a habeas petition for failure to exhaust state remedies unless the state first responds and raises an exhaustion defense or waives exhaustion. *Id.* If the state waives exhaustion, the district court may invoke the procedural bar *sua sponte* if "requiring the petitioner to return to state court to exhaust his claims serves an important federal interest." *Esslinger v. Davis*, 44 F.3d 1515, 1524-26 (11th Cir. 1995) (holding that invoking

the bar served no important federal interest). An example of an important federal interest occurs where the case presents an issue on which an unresolved question of fact or of state law might have an important bearing and both comity and judicial efficiency require complete exhaustion to ensure that the district court may ultimately review the issue on a fully informed basis. *Id.* at 1524 n.34.

Nevertheless, the district court should assume that the waiver by the state is justified and should not invoke the bar *sua sponte* without giving the petitioner an opportunity to show cause for the default. *Id.* at 1528; *see also Thompson v. Wainwright*, 714 F.2d 1495, 1509-10 (11th Cir. 1983) (vacating and remanding where we could not determine if the district court rejected the state's waiver on the ground that exhaustion could not be waived or because exhaustion would aid federal review).

Finally, we may affirm for any reason supported by the record even if not relied upon by the district court. *See Williams v. Bd. of Regents of the Univ. Sys. of Ga.*, 477 F.3d 1282, 1301 (11th Cir. 2007).

Here, the State explicitly waived exhaustion as a defense and did so permissibly, and the district court appears to have erroneously disregarded the State's waiver on the ground that exhaustion may not be waived if the federal aspects of a petitioner's claims have not been fully developed at the State level.

Furthermore, the district court never gave Martin an opportunity to show cause for default before determining that exhaustion barred eight of his claims. The district court also did not make alternative findings regarding the merits of the eight claims, and although we can "affirm on any basis" in some cases, here, the absence of findings means that we cannot determine the merits of the eight claims. Accordingly, we vacate the district court's order denying habeas relief in this respect and remand for further proceedings. We also do not consider whether the district court correctly found that eight of Martin's claims were unexhausted in state court as a result of his failure to raise them there.

**III.**

With respect to Martin's speedy trial claim under the Constitution, the district court could not grant habeas relief on that under 28 U.S.C. § 2254(d) unless the adjudication in state court "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law . . . or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." A state court's decision is contrary to clearly established federal law if the state court: (1) arrives at a conclusion opposite to that reached by the Supreme Court on a question of law; or (2) decides a case differently than the Supreme Court on a set of materially

indistinguishable facts. *Ventura v. Attorney General, Fla.*, 419 F.3d 1269, 1280-81 (11th Cir. 2005). A state court's decision is an unreasonable application of clearly established federal law if the state court identifies the correct governing legal principle from decisions of the Supreme Court, but applies it in an objectively unreasonable manner to the facts of the petitioner's case. *Id.* at 1286. The determination of a factual issue made by a state court is presumed correct and the petitioner has the burden of rebutting that presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

The Sixth Amendment to the Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy . . . trial." U.S. CONST. amend. VI. In determining whether a defendant's right to a speedy trial was violated, the following four factors are considered: (1) the length of delay; (2) the reason for the delay; (3) the defendant's assertion of his right; and (4) prejudice to the defendant. *Barker*, 407 U.S. at 530, 92 S. Ct. at 2192.

"The first factor serves a triggering function; unless some 'presumptively prejudicial' period of delay occurred, we need not conduct the remainder of the analysis." *United States v. Register*, 182 F.3d 820, 827 (11th Cir. 1999). "A delay is considered presumptively prejudicial as it approaches one year" from indictment to trial. *United States v. Schlei*, 122 F.3d 944, 987 (11th Cir. 1997); *see also*

8

*United States v. Harris*, 376 F.3d 1282, 1290 (11th Cir. 2004) (a delay of 18 months is presumptively prejudicial). When calculating the length of delay, any period of delay caused by the petitioner should be excluded. *Hill v. Wainwright*, 617 F.2d 375, 378 (5th Cir. 1980).

Different weights are assigned to different reasons for delay. *Barker*, 407 U.S. at 531, 92 S. Ct. at 2192. A deliberate attempt to hinder the defense is weighted heavily against the State, negligence or overcrowded courts are weighted less heavily against the State, and legitimate reasons like a missing witness justify an appropriate delay. *Id.* at 531, 534, 92 S. Ct. at 2192, 2194 (noting that the illness of a witness was a strong excuse for delay). Pretrial delay is often inevitable and "wholly justifiable" because the State may need time to, *inter alia*, collect witnesses against the accused. *Doggett v. United States*, 505 U.S. 647, 656, 112 S. Ct. 2686, 2693 (1992). "Between diligent prosecution and bad-faith delay, official negligence in bringing an accused to trial occupies the middle ground." *Id.* at 656-57, 112 S. Ct. at 2693 (reversing our decision that failure to demonstrate actual prejudice excuses negligence). Whether and how a defendant asserts his right to a speedy trial is also part of the balancing test. *Barker*, 407 U.S. at 532, 534-35, 92 S. Ct. at 2192, 2194 (defendant waited more than three years before asserting his right to a speedy trial).

9

In this circuit, if the State pursued prosecution with reasonable diligence then the defendant must show actual prejudice to prevail on a Sixth Amendment speedy trial claim. *Harris*, 376 F.3d at 1290. Moreover, even if all three *Barker* factors weigh against the State, if they do not do so heavily then the petitioner must demonstrate actual prejudice to prevail. *See United States v. Ingram*, 446 F.3d 1332, 1338 (11th Cir. 2006) (direct appeal context). In determining prejudice, the crime charged and the proof existing on the date of indictment should be considered. *Id.* at 1339. "[T]he delay that can be tolerated for an ordinary street crime is considerably less than for a serious, complex conspiracy charge." *Barker*, 407 U.S. at 531, 92 S. Ct. at 2192. Three additional factors should be considered: (1) preventing oppressive pretrial incarceration; (2) minimizing anxiety and concern of the accused; and (3) limiting the possibility that the defense will be impaired. *Id.* at 532, 92 S. Ct. at 2193. The last factor is the most important. *Id.*

The federal Speedy Trial Act, 18 U.S.C. §§ 3161-3174, does not apply to state court proceedings. *See United States v. Bell*, 833 F.2d 272, 277 (11th Cir. 1987) (noting that the Speedy Trial Act clock started running only after a federal indictment was returned, even though federal authorities were involved in earlier related state proceedings). Instead, as a Florida prisoner, Martin's rights were governed by Florida's speedy trial rules. These rules are also not controlling

because they are not based on clearly established federal law, having been promulgated by Florida and not the Supreme Court, although they are relevant in examining whether an unreasonable determination of the facts occurred in light of the evidence below. *See* 28 U.S.C. § 2254(d); *Ventura*, 419 F.3d at 1280-81, 1286.

Here, the central question is whether the determination by the Florida courts that Martin was not deprived of the right to a speedy trial was contrary to or involved an unreasonable application of clearly established federal law. *See* 28 U.S.C. § 2254(d).

The length of delay from the time the information was filed until the time of trial was approximately sixteen months (from December 2000 until April 2002) and is presumptively prejudicial based on applicable caselaw, despite the district court's contrary finding. *See Register*, 182 F.3d at 827. The record indicates that several reasons for the delay existed and Martin was to blame in part because, among other things, he filed an interlocutory appeal and requested that the trial judge recuse himself. To the extent that the delays were primarily caused by the State's inability to get a witness to testify, a problem with a witness justifies an appropriate delay. *See Doggett*, 505 U.S. at 656, 112 S. Ct. at 2693. Moreover, to the extent all three *Barker* factors weighed against the State, they did not do so heavily, and Martin had to demonstrate actual prejudice to prevail. *See Ingram*,

11

446 F.3d at 1338.

Martin did not establish actual prejudice. *See Barker*, 407 U.S. at 531, 92 S.Ct. at 2192. This is primarily because he alleged no facts and introduced no evidence showing that his defense was impaired by the delay. *See id.* Accordingly, we conclude that the district court did not err in finding that the state court adjudication did not result in a decision that was contrary to or involve an unreasonable application of clearly established federal law, or one involving an unreasonable determination of the facts, and we affirm the denial of Martin's petition in this respect.

**VACATED AND REMANDED IN PART; AFFIRMED IN PART.**