Allen Lee DAVIS, Petitioner,

v.

Richard L. DUGGER, Secretary, Department of Corrections, State of Florida, Respondent.

No. 86–976–Civ–J–14.

United States District Court,
M.D. Florida,
Jacksonville Division.

Dec. 23, 1988.

Billy H. Nolas, Staff Atty., Office Of The Capital Collateral Representative, for petitioner.

Mark C. Menser, Asst. Atty. Gen., for respondent.

## ORDER

SUSAN H. BLACK, District Judge.

This case is before the Court on Petitioner Allen Lee Davis' Petition For Writ Of Habeas Corpus By Person In State Custody, filed September 22, 1986. Respondent, Richard Dugger, Secretary, Department of Corrections, State of Florida, filed a Response To Petition For Federal § 2254 Relief on May 17, 1988. Petitioner filed a reply on June 23, 1988.[1] The respondent

1. The Court granted petitioner's motion to file this reply on May 24, 1988.

2. Respondent filed this response to petitioner's reply without leave of Court. The Court will, however, waive the application of Local Rule 3.01(b), Local Rules Of The United States District Court For The Middle District Of Florida, for purposes of this response.

3. Petitioner argued that
   (a) the trial judge abused his discretion (1) by failing to grant a motion for change of venue, (2) by denying a motion for individual and sequestered voir dire, and (3) by denying a motion for mistrial based on a witness' testimony on redirect examination; (b) the trial judge erred in denying Davis' challenge for cause of one prospective juror; and (c) the prosecutor's closing argument rendered the penalty proceeding fundamentally unfair. *Davis v. State*, 461 So.2d 67 (Fla.1984), *cert. denied*, 473 U.S. 913, 105 S.Ct. 3540, 87 L.Ed.2d 663 (1985).

4. The Florida Supreme Court agreed with the trial court that no mitigating factors militated against the death sentence. The court found, however, that only five of the six aggravating factors found by the trial court supported the death penalty. The court struck the trial court's finding of avoid or prevent arrest in aggravation

filed a response to the petitioner's reply on June 29, 1988.[2]

### I. *Procedural History*

Davis appealed his convictions of murder and sentences of death directly to the Florida Supreme Court. On October 4, 1984, the court issued its opinion rejecting petitioner's five claims of error.[3] *Davis v. State*, 461 So.2d 67 (Fla.1984) *cert. denied*, 473 U.S. 913, 105 S.Ct. 3540, 87 L.Ed.2d 663 (1985). The Court also upheld petitioner's death sentences after reviewing them *sua sponte.*[4] *Id.* The Supreme Court of the United States denied certiorari on July 1, 1985. *Davis v. Florida*, 473 U.S. 913, 105 S.Ct. 3540, 87 L.Ed.2d 663 (1985).

Petitioner then sought clemency before the Florida Board of Executive Clemency. The board held a hearing on June 26, 1986, and on August 20, 1986, the Governor denied Davis' request for clemency. The Governor on that date also signed a death warrant for the week of September 17–23, 1986.

On September 20, 1986, petitioner filed a petition for extraordinary relief and an application for a stay in the Florida Supreme Court.[5] The court denied the petition on

of the younger child's murder, but found that the other five aggravating factors supported the death sentence. The court found that the trial court's failure to mention nonstatutory mitigating evidence in its findings was "merely unartful drafting."

5. Petitioner stated five claims in the petition as follows:
   1. This Court's statutorily and constitutionally required review of the entire record was thwarted by appellate counsel's failure to include in the record on appeal inflammatory and irrelevant information that was provided to the sentencing judge for his consideration at sentencing and which was in fact filed with the trial court, and which effected [sic] these proceedings.
   2. Appellate counsel was ineffective for failing to challenge the sentencing judge's use of a nonrecord, confidential psychiatric examination and neurological examination to find the absence of mitigating circumstances.
   3. Appellate counsel prejudicially presented Petitioner's case in its least favorable light in violation of the Sixth, Eighth, and Fourteenth Amendments.
   4. Counsel (appellate) was ineffective for not alerting this court that Petitioner's guilt was established through unconstitutional state comment on his failure to testify.

September 22, 1986. *Davis v. State*, 496 So.2d 142 (Fla.1986), and entered an opinion on October 30, 1986. *Davis v. Wainwright*, 498 So.2d 857 (Fla.1986). On September 22, 1986, petitioner applied for a stay of his execution with Justice Powell. Justice Powell at 11:30 p.m. granted a stay until 3:00 p.m. September 23, 1986, pending consideration of the stay issue by the entire Court. On September 23, 1986, the United States Supreme Court granted the stay pending the resolution of an application by the petitioner for a writ of certiorari to review the Florida Supreme Court's denial of the petition for extraordinary relief. The Court denied certiorari on October 5, 1987. *Davis v. Dugger*, — U.S. —, 108 S.Ct. 208, 98 L.Ed.2d 159 (1987).

After denial of the petition for extraordinary relief by the Florida Supreme Court but before the stay of the execution by the United States Supreme Court, petitioner on September 22, 1988, filed a Fla.R.Crim.P. 3.850 motion [6] and a motion for a stay of

5. Appellate counsel was prejudicially ineffective for failing to challenge the trial court's denial of Petitioner's motion to suppress statements elicited by law enforcement officers in violation of the Fourth, Sixth, and Fourteenth Amendments.

6. The death penalty is imposed in Florida on the basis of impermissible arbitrary and discriminatory factors, including race, in violation of the Eighth and Fourteenth Amendments.

**6.** The claims presented by petitioner in the 3.850 proceedings to both the state trial court and the Florida Supreme Court were as follows:

1. Trial and pretrial counsel provided ineffective assistance by failing to conduct proper factual and legal investigation, and by failing to ensure that Mr. Davis received competent mental health assistance, in violation of Mr. Davis's sixth, eighth and fourteenth amendment rights.

2. Trial counsel was ineffective for allowing the sentencing judge to use nonrecord, confidential psychiatric "visits" and the neurological examination to sentence Mr. Davis to death, in violation of the fourth, fifth, eighth and fourteenth amendments.

3. Trial counsel was ineffective for allowing the trial court to consider inflammatory, irrelevant and prejudicial information, provided by the state through the mail, in violation of this sixth, eighth and fourteenth amendments.

4. The prosecutor's inflammatory, emotional, and thoroughly improper argument to the jury at sentencing, rendered petitioner's sentencing proceeding and resultant death sentences fundamentally unfair and unreliable in violation of the sixth, eighth, and fourteenth amendments, and trial counsel was ineffective for allowing the argument.

5. Mr. Davis was tried while incompetent, and trial counsel's and this court's elevation of Mr. Davis to status of co-counsel violated his sixth, eighth and fourteenth amendment rights.

6. Mr. Davis was insane at the time of the offense and also could not form specific intent, and counsel's ineffectiveness on the issue violated the sixth, eighth and fourteenth amendments.

7. Counsel was prejudicially ineffective in presenting the motion to suppress statements elicited by law enforcement officers, and for failing to challenge illegal searches and resulting evidence, in violation of the fifth, sixth, and fourteenth amendments.

8. Petitioner was deprived of due process when the state presented false testimony at his trial, and the resulting conviction and sentence thus violates the sixth, eighth, and fourteenth amendments.

9. Petitioner was deprived of due process when the state suppressed material evidence in violation of *Brady v. Maryland*, and his conviction and sentence therefore violates the sixth, eighth, and fourteenth amendments.

10. Trial counsel's unreasonable failure to attack a key witness's hypnotically induced testimony, as well as his failure to even inform the jury of the fundamentally unreliable basis of this testimony, deprived petitioner of the effective assistance of counsel in violation of the sixth, eighth, and fourteenth amendments.

11. The prosecutor's interjection of personal beliefs, repeated misrepresentation of the record, and references to extra-record evidence during closing argument at guilt/innocence deprived petitioner of a fair and impartial jury and rendered his trial fundamentally unfair in violation of the sixth and fourteenth amendments.

12. The prosecutor's pervasive and unchecked commentary on the defendant's failure to testify in his own behalf constitutes fundamental error, and deprived petitioner of a fair trial and a fair and impartial jury in violation of the fifth, sixth, and eighth, and fourteenth amendments.

13. Petitioner's death sentences violate *Locket v. Ohio* and *Eddings v. Oklahoma* because the sentencing judge did not consider mitigating circumstances other than those listed in Florida's death penalty statute.

14. Petitioner's sentencing jury was mislead and misinformed as to their function, responsibility, and discretion in imposing sentence, and his death sentence is the product of a fundamentally unreliable proceeding contrary to *Caldwell v. Mississippi* and in violation of the eighth and fourteenth amendments.

15. The death penalty is imposed in Florida on the basis of impermissible, arbitrary and discriminatory factors, including race, in violation of the eighth and fourteenth amendments.

execution in the state trial court. The trial judge denied both motions on September 22, 1986. Petitioner appealed to the Florida Supreme Court, and on September 23, 1986, the Florida Supreme Court affirmed the trial judge's rulings on both motions.

7. Petitioner raises the following claims:

1. Trial and pretrial counsel provided ineffective assistance by failing to conduct proper factual and legal investigation, and by failing to ensure that Mr. Davis received competent mental health assistance, in violation of Mr. Davis's sixth, eighth and fourteenth amendment rights.

2. Appellate counsel was prejudicially ineffective for failing to challenge petitioner's death sentences on direct appeal, conceding that death was the appropriate penalty, despite the availability of numerous statutory and constitutional challenges, in violation of the sixth, eighth and fourteenth amendments.

3. Trial counsel was ineffective for allowing the sentencing judge to use nonrecord, confidential psychiatric "visits" and the neurological examination to sentence Mr. Davis to death, and appellate counsel was ineffective for failing to raise this fundamental error in violation of the fourth, fifth, eighth and fourteenth amendments.

4. Trial court's consideration of inflammatory, irrelevant and prejudicial information, provided by the state through the mail, rendered petitioner's sentencing proceeding fundamentally unreliable, in violation of his sixth, eighth and fourteenth amendments.

5. The prosecutor's inflammatory, emotional, and thoroughly improper argument to the jury at sentencing, rendered petitioner's sentencing proceeding and resultant death sentences fundamentally unfair and unreliable in violation of the sixth, eighth, and fourteenth amendments, and trial counsel was ineffective for allowing the argument.

6. Mr. Davis was tried while incompetent, and trial counsel and court's elevation of Mr. Davis to status of co-counsel violated his sixth, eighth and fourteenth amendment rights.

7. Mr. Davis was insane at the time of the offense and also could not form specific intent, and counsel's ineffectiveness on the issue violated the sixth, eighth and fourteenth amendments.

8. Counsel was prejudicially ineffective in presenting the motion to suppress statements elicited by law enforcement officers, and for failing to challenge illegal searches and resulting evidence, and appellate counsel was ineffective for failing to challenge the trial court's denial of the motion, in violation of the fifth, sixth, and fourteenth amendments.

9. Petitioner was deprived of due process when the state presented false testimony at his trial, and the resulting conviction and sentence thus violates the sixth, eighth, and fourteenth amendments.

Petitioner filed the instant Petition For Writ Of Habeas Corpus By A Person In State Custody on September 22, 1986, at 10:30 p.m. during the pendency of the appeal to the Florida Supreme Court of the 3.850 trial court decision but before the stay by the United States Supreme Court.[7]

10. Petitioner was deprived of due process when the state suppressed material evidence in violation of *Brady v. Maryland,* and his conviction and sentence therefore violates the sixth, eighth, and fourteenth amendments.

11. Trial counsel's unreasonable failure to attack a key witness's unconstitutionally unreliable hypnotically induced testimony, as well as his failure to even inform the jury of the fundamentally unreliable basis of this testimony, deprived petitioner of the effective assistance of counsel in violation of the sixth, eighth, and fourteenth amendments.

12. The prosecutor's interjection of personal beliefs, repeated misrepresentation of the record, and references to extra-record evidence during closing argument at guilt/innocence deprived petitioner of a fair and impartial jury and rendered his trial fundamentally unfair in violation of the sixth and fourteenth amendments.

13. Trial counsel was ineffective for failing to object to the prosecutor's pervasive and unchecked commentary on the defendant's failure to testify in his own behalf, and appellate counsel was ineffective for failing to raise this fundamental error on direct appeal, depriving the petitioner of a fair trial and a fair and impartial jury in violation of the fifth, sixth, eighth and fourteenth amendments.

14. Petitioner's death sentences violate *Lockett v. Ohio* and *Eddings v. Oklahoma* because the sentencing judge did not consider mitigating circumstances other than those listed in Florida's death penalty statute.

15. Petitioner's sentencing jury was mislead and misinformed as to their function, responsibility, and discretion in imposing sentence, and his death sentence is the product of a fundamentally unreliable proceeding contrary to *Caldwell v. Mississippi* and in violation of the eighth and fourteenth amendments.

16. The trial court's failure, in light of the extensive and highly prejudicial pretrial media coverage of his case, to grant petitioner's motion for a change of venue deprived petitioner of his right to a fair and impartial jury at the guilt/innocence and sentencing phases of his trial, in violation of the sixth, eighth, and fourteenth amendments. This error, and the resulting prejudice to petitioner's rights, was compounded by the court's additional failure to grant petitioner's motion for individual and sequestered voir dire.

17. The improper reference by a state witness to a polygraph examination of Mr. Davis deprived Mr. Davis of the presumption of innocence to which he was constitutionally entitled

On September 23, 1986 at 9:30 a.m., this Court denied the petition because it contained unexhausted claims and because the Court found that it constituted an abuse of the writ. *Davis v. Wainwright,* 644 F.Supp. 269 (M.D.Fla.1986), *rev'd Davis v. Dugger,* 829 F.2d 1513 (11th Cir.1987). The Eleventh Circuit Court of Appeals reversed and remanded for consideration of the petition on the merits. *Davis v. Dugger,* 829 F.2d 1513 (11th Cir.1987).

## II. *Exhaustion*

■ Prior to filing a petition for writ of habeas corpus by a person in state custody, a petitioner must first exhaust all available state remedies. 28 U.S.C. § 2254(b) & (c). A claim is considered exhausted if it is "fairly presented" to the state courts. *See Picard v. Connor,* 404 U.S. 270, 275, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971). Where it appears that a petition contains both exhausted and unexhausted claims, a federal district court may dismiss the petition. *See Rose v. Lundy,* 455 U.S. 509, 520, 102 S.Ct. 1198, 1204, 71 L.Ed.2d 379 (1982).

■ The exhaustion defense may, however, be waived by the respondent. *See Thompson v. Wainwright,* 714 F.2d 1495, 1508 (11th Cir.1983), *cert. denied,* 466 U.S. 962, 104 S.Ct. 2180, 80 L.Ed.2d 562 (1984). The district court in its discretion may either accept the waiver as to one or more issues, or reject the waiver. *Id.* Some of the factors the district court may consider in determining whether or not to accept the waiver are 1) whether or not extensive or minimal fact finding is involved or only questions of law on an already adequate record; 2) if fact finding is involved whether it may be done as part of a federal hearing required on other issues; 3) how long since petitioner's conviction and sentence were imposed; 4) how long exhaustion will require; 5) the comparative status of the dockets of federal and state

courts; 6) whether there are fundamental state policies at stake in the case or threshold issues of undecided state law; and 7) whether exhaustion is futile. *Id.*

■ If the federal district court declines to accept the waiver, that does not necessarily compel the state courts to adjudicate the unexhausted claims. *Id.* Such an action by a federal district court would serve only to give the state courts an opportunity to decide those claims. *Id.*

■ In this case, it appears that petitioner's Claim 14 was not fairly presented to the state courts. Claim 14 was originally Claim 13 in Petitioner's Motion To Vacate Judgment And Sentence filed September 21, 1986, at page 91. The Claim as it was presented to the state court in that motion stated as follows:

> Petitioner's death sentences violate *Lockett v. Ohio* and *Eddings v. Oklahoma* because the sentencing judge did not consider mitigating circumstances other than those listed in Florida's Death Penalty Statute.

The State filed no written response to the motion. The state trial court summarily denied all of the claims contained in the Motion on September 22, 1986, and the Florida Supreme Court affirmed, without an opinion, on September 23, 1986.

The state court proceedings on Claim 14, however, all occurred prior to the decision of *Hitchcock v. Dugger,* 481 U.S. 393, 107 S.Ct. 1821, 95 L.Ed.2d 347 (1987). Although petitioner argues that *Hitchcock* requires this Court to grant habeas relief, the state courts never applied *Hitchcock* to petitioner's case. This Court finds, therefore, that the *Hitchcock* claim was not "fairly presented" to the state courts. In particular, the Court finds that the *Hitchcock* claim is sufficiently different from those claims considered by the state courts, including petitioner's Claim 13 quoted

---

as a matter of due process under the fourteenth amendment.

18. Trial court's denial of challenge for cause of jury who had expressly already formed an opinion denied petitioner a fair and impartial jury in violation of the sixth and fourteenth amendments.

19. The death penalty is imposed in Florida on the basis of impermissible, arbitrary and discriminatory factors, including race, in violation of the eighth and fourteenth amendments.

above, as to make Claim 14 of the instant petition an unexhausted claim.

This conclusion is suggested by the Florida Supreme Court's characterization of the *Hitchcock* claim in the context of procedural default analysis. The Florida Supreme Court determined that *Hitchcock* was a sufficient change in the law such that state courts would not consider *Hitchcock* claims to be procedurally defaulted under state law. *See Thompson v. Dugger*, 515 So.2d 173 (Fla.1987). *See also Messer v. State of Fla.*, 834 F.2d 890, 892–93 (11th Cir.1987). Under this rule a petitioner could raise a claim in state court under *Hitchcock* even where he previously but unsuccessfully raised a similar claim under *Lockett v. Ohio*, 438 U.S. 586, 98 S.Ct. 2954, 57 L.Ed. 2d 973 (1978). *See, e.g., Cooper v. Dugger*, 526 So.2d 900, 901 & n. 2 (Fla.1988).

Florida courts would, therefore, not consider Claim 14 procedurally defaulted. Because petitioner did not assert Claim 14 in the state court and he did not procedurally default on the claim, petitioner did not fairly present the *Hitchcock* claim to the state court. Claim 14 must, therefore, be an unexhausted claim.

Because Claim 14 is an unexhausted claim, the Court finds that the petition is a mixed petition and that the respondent has a valid exhaustion defense. In this case, the respondent has stated that he would not rely on any exhaustion defense. *See* Response To Petition For Federal § 2254 Relief, filed May 17, 1988, at 2. The Court construes this statement as a waiver of the exhaustion defense. The Court must, therefore, decide in its discretion whether or not to accept the waiver.

The primary consideration favoring dismissal of the petition for failure to exhaust is the possibility that judicial findings of fact would be required to dispose of the *Hitchcock* claim. In particular, if this Court were to find a *Hitchcock* violation, the Court would then have to address the question whether or not any possible *Hitchcock* violation was harmless beyond a reasonable doubt. *See Clark v. Dugger*, 834 F.2d 1561, 1569–70 (11th Cir.1987), *cert. denied*, — U.S. ——, 108 S.Ct. 1282,

99 L.Ed.2d 493 (1988); *Armstrong v. Dugger*, 833 F.2d 1430, 1436 (11th Cir.1987); *Tafero v. Dugger*, 681 F.Supp. 1531, 1535 (S.D.Fla.1988); *Cooper v. Dugger*, 526 So. 2d 900, 903 (Fla.1988); *Mikenas v. Dugger*, 519 So.2d 601 (Fla.1988). Harmlessness is a mixed question of law and fact. *See Grizzell v. Wainwright*, 692 F.2d 722, 725 (11th Cir.1982), *cert. denied*, 461 U.S. 948, 103 S.Ct. 2129, 77 L.Ed.2d 1307 (1983). Although the state courts' conclusions as to harmlessness of an error in a sentencing proceeding are not entitled to a presumption of correctness under 28 U.S.C. § 2254(d) and *Sumner v. Mata*, 449 U.S. 539, 545–46, 101 S.Ct. 764, 768–69, 66 L.Ed. 2d 722 (1981), the state courts' findings as to "subsidiary factual questions" are entitled to a presumption of correctness. *See Lightbourne v. Dugger*, 829 F.2d 1012, 1018 (11th Cir.1987). Whether or not the evidence establishes a particular mitigating or aggravating factor is entitled to such a presumption of correctness. *See Adams v. Wainwright*, 709 F.2d 1443, 1448 (11th Cir. 1983). Without a record of the state court's consideration of the *Hitchcock* claim, this Court could be forced to make findings of fact without the benefit of a fully developed record in the state court. Such an analysis would violate the policies of comity and federalism that the exhaustion doctrine is intended to prevent.

Other factors also support this Court's decision not to accept the state's waiver of exhaustion. First, due to the recency of *Hitchcock*, its application in a capital sentencing and the possible application of a harmlessness analysis are matters that the state courts have not had the opportunity to fully develop their jurisprudence. It would be improper for this Court to interfere in state capital sentencing decisions without the benefit of an initial decision from the state courts. Second, exhaustion in this case will not be futile or a formality. It appears that petitioner's *Hitchcock* claim is an issue that will require considerable analysis by the state courts. Third, exhaustion of a single claim would take only a relatively short length of time. Finally, consideration of the number of cases on this Court's docket compared to the num-

ber on the state court docket favors exhaustion of the claim in state court.

The Eleventh Circuit Court of Appeals has on various occasions considered the merits of a *Hitchcock* claim where the state court considered an eighth amendment challenge but did not address *Hitchcock.* *See Ruffin v. Dugger,* 848 F.2d 1512 (11th Cir.1988) (claim presented to the Florida Supreme Court prior to *Hitchcock;* merits relief granted with no requirement that petitioner re-exhaust claim; no *Sykes* procedural bar applied); *Magill v. Dugger,* 824 F.2d 879 (11th Cir.1987) (same; merits relief granted); *Armstrong v. Dugger,* 833 F.2d 1430 (11th Cir.1987) (claim presented to state courts in post-conviction proceedings prior to issuance of *Hitchcock* and there found to be procedurally barred; merits relief granted, without requirement that petitioner re-exhaust after *Hitchcock;* no *Sykes* procedural bar applied); *Stone v. Dugger,* 837 F.2d 1477 (11th Cir.1988) (same; merits relief granted); *Messer v. Florida,* 834 F.2d 890 (11th Cir.1987) (same; merits relief granted); *Clark v. Dugger,* 834 F.2d 1561 (11th Cir.1987) (claim presented to state courts in post-conviction proceedings before the issuance of *Hitchcock;* leave to file supplemental brief on issue [which was not originally briefed before the Eleventh Circuit] granted, and merits review granted without requirement that petitioner re-exhaust his claim after issuance of *Hitchcock;* no procedural bar applied). As stated earlier, however, federal courts may in their discretion address unexhausted claims when the state has waived the exhaustion defense. By addressing the *Hitchcock* claims in the cases cited above, the court of appeals did not *sub silentio* eschew the exercise of such discretion.

Accordingly, it is

ORDERED:

1. That Petitioner Allen Lee Davis' Petition For Writ Of Habeas Corpus By Person In State Custody, filed September 22, 1986, is dismissed without prejudice for petitioner either to exhaust Claim 14 in state court or to file an amended petition without the unexhausted claim.

2. That the Clerk of Court shall enter judgment dismissing the petition.

DONE AND ORDERED.