589 So.2d 896 (1991)
Allen Lee DAVIS, Appellant,
v.
STATE of Florida, Appellee.
No. 76640.
Supreme Court of Florida.
October 31, 1991.
Rehearing Denied January 23, 1992.
*897 Larry Helm Spalding, Capital Collateral Representative, Martin J. McClain, Chief Asst. CCR, Judith J. Dougherty, and M. Elizabeth Wells, Assistants CCR, Office of the Capital Collateral Representative, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen. and Mark C. Menser, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
Allen Lee Davis, a prisoner on death row, appeals the trial court's denial of his second motion for postconviction relief. We have jurisdiction. Art. V, § 3(b)(1), Fla. Const.; Fla.R.Crim.P. 3.850. We affirm the trial court's order.
In 1982 Davis killed a woman and her two young daughters in their home. At trial early in 1983 a jury convicted him of first-degree murder, and the trial court imposed three death sentences, which this Court affirmed. Davis v. State, 461 So.2d 67 (Fla. 1984), cert. denied, 473 U.S. 913, 105 S.Ct. 3540, 87 L.Ed.2d 663 (1985). The governor signed Davis' death warrant in 1986, and Davis filed his first postconviction motion, raising fifteen issues. This Court affirmed the trial court's denial of the motion without opinion. Davis v. State, 496 So.2d 142 (Fla. 1986). Davis also petitioned for writ of habeas corpus, which this Court denied. Davis v. Wainwright, 498 So.2d 857 (Fla. 1986), cert. denied, 484 U.S. 873, 108 S.Ct. 208, 98 L.Ed.2d 159 (1987). A federal district court denied Davis' petition for habeas corpus relief because it contained unexhausted claims and constituted an abuse of the writ, but the Eleventh Circuit reversed for consideration on the merits. Davis v. Wainwright, 644 F. Supp. 269 (M.D.Fla. 1986), rev'd, 829 F.2d 1513 (11th Cir.1987). On remand the district court dismissed Davis' petition without prejudice and directed him to exhaust his Hitchcock v. Dugger, 481 U.S. 393, 107 S.Ct. 1821, 95 L.Ed.2d 347 (1987), claim in state court or to refile his petition without that claim. Davis v. Dugger, 703 F. Supp. 916 (M.D.Fla. 1988). Davis then filed his second postconviction motion with the trial court. That court found that the Hitchcock issue had no merit and that the other issues were procedurally barred and denied the motion without an evidentiary hearing.
On appeal Davis raises nine issues: 1) Hitchcock error; 2) ineffective assistance by mental health expert and ineffective assistance by counsel regarding Davis' competency; 3) Davis' competency to stand trial; 4) Booth v. Maryland, 482 U.S. 496, 107 S.Ct. 2529, 96 L.Ed.2d 440 (1987), violation; 5) unconstitutionality of the heinous, atrocious, and cruel aggravator and instruction; 6) unconstitutionality of the cold, calculated, and premeditated aggravator and instruction; 7) improper shift of burden *898 to show death not appropriate sentence; 8) jury misled as to exercising mercy and sympathy; and 9) automatic felony-murder aggravator. We agree with the trial court that the Hitchcock issue has no merit[*] and that the other issues are procedurally barred.
In Hitchcock the United States Supreme Court invalidated Florida's pre-Lockett v. Ohio, 438 U.S. 586, 98 S.Ct. 2954, 57 L.Ed.2d 973 (1978), standard jury instruction which limited mitigating circumstances to those listed in the death penalty statute. By the time of Davis' trial, however, the standard jury instruction had been amended to provide for nonstatutory mitigation. The record of the original trial of Davis reveals that the judge and the parties were aware of the right and need to consider nonstatutory mitigating circumstances as decreed in Lockett. Instead of the erroneous Hitchcock instruction, the revised post-Lockett instruction was given. We find no evidence of a Hitchcock violation, and the trial court correctly found this issue to have no merit. E.g., Engle v. Dugger, 576 So.2d 696 (Fla. 1991); Bolender v. Dugger, 564 So.2d 1057 (Fla. 1990); Spaziano v. Dugger, 557 So.2d 1372 (Fla. 1990); Harich v. State, 542 So.2d 980 (Fla. 1989); Card v. Dugger, 512 So.2d 829 (Fla. 1987). Davis argues that the trial court violated Hitchcock by not addressing nonstatutory mitigating evidence in the sentencing order, but we considered that order on direct appeal and found no error. 461 So.2d at 72. Cf. Harich; see Engle; Spaziano. The cases Davis relies on are factually distinguishable. E.g., Way v. Dugger, 568 So.2d 1263 (Fla. 1990) (trial court instructed on only one statutory mitigator and did not instruct on or mention nonstatutory mitigating evidence); Cheshire v. State, 568 So.2d 908 (Fla. 1990) (trial court refused to consider mental mitigating evidence as relevant to anything but statutory mitigators); Waterhouse v. State, 522 So.2d 341 (Fla.) (even though trial occurred in 1980, trial court gave the instruction limiting consideration of mitigating evidence that Hitchcock condemned), cert. denied, 488 U.S. 846, 109 S.Ct. 123, 102 L.Ed.2d 97 (1988).
At the hearing in the instant case, Davis' counsel told the court that, with the exception of the automatic-aggravator issue, all of the issues "have been addressed on direct appeal or on postconviction in some form or other." Claims that have been previously raised are procedurally barred. E.g., Francis v. Barton, 581 So.2d 583 (Fla.), cert. denied, ___ U.S. ___, 111 S.Ct. 2879, 115 L.Ed.2d 1045 (1991); Clark v. State, 569 So.2d 1263 (Fla. 1990); Atkins v. Dugger, 541 So.2d 1165 (Fla. 1989); Eutzy v. State, 541 So.2d 1143 (Fla. 1989). The cases Davis relies on are not fundamental changes in the law which require retroactive application. Moreover, these claims violate the two-year requirement set out in rule 3.850. Adams v. State, 543 So.2d 1244 (Fla. 1989). Davis' arguments that the federal district court directed him to re-raise these claims and that Hitchcock holds "that a Florida sentencing jury must receive accurate instructions" are flawed. The district court's order pertains only to bringing the Hitchcock issue to state court. 703 F. Supp. at 922. Hitchcock, itself, dealt with a single instruction, 481 U.S. at 398-99, and is not as broad as Davis now argues. Also, as noted in footnote[*], supra, Hitchcock claims are time barred if filed after August 1, 1989. Therefore, we agree with the trial court that issues 2 through 9 are procedurally barred.
We affirm the trial court's denial of Davis' second postconviction motion.
It is so ordered.
SHAW, C.J., and OVERTON, McDONALD, GRIMES and KOGAN, JJ., concur.
*899 BARKETT, J., concurs in result only.
HARDING, J., recused.
NOTES
[*] Claims under Hitchcock v. Dugger, 481 U.S. 393, 107 S.Ct. 1821, 95 L.Ed.2d 347 (1987), are time barred if not raised by Aug. 1, 1989. Mills v. Dugger, 574 So.2d 63 (Fla. 1990). Because Davis raised this claim in a court, albeit not the correct court, before that date and because we wish to make it clear that no Hitchcock error occurred at Davis' trial, we will not impose a procedural bar on this issue in the instant case. We reiterate, however, that Hitchcock claims filed after Aug. 1, 1989 are time barred.