SCOLA, ROBERT N., Jr., Associate Judge.
The appellant was granted leave to file a belated appeal based upon his allegation that the trial court failed to inform him of his right to appeal when he entered a plea to this case in 1994. However, in this appeal, appellant has raised no grounds relating to the impropriety of either the plea or sentence he received in 1994. We, therefore, affirm.
In 1993, the Appellant, Larry 0. Willis, was charged with burglary of a dwelling. In April 1994, he plead guilty and was sentenced to five (5) years probation as an habitual felony offender. No direct appeal was taken from that plea or sentence and appellant has never filed a motion to withdraw his plea or to correct his sentence.
In 1996, during his period of probation, appellant plead guilty to a new charge of burglary of a dwelling as well as to a violation of probation. The court sentenced appellant to thirty (30) years in prison as an habitual offender on the probation violation and to a concurrent 112.5 'months in prison on the later burglary. No objections -were made by appellant’s counsel. Appellant appealed from the convictions and sentences imposed in 1996, and this court affirmed, per curiam, without prejudice to file a motion to withdraw his plea pursuant to Florida Rule of Criminal Procedure 3.850. See Willis v. State, 695 So.2d 918 (Fla. 4th DCA 1997).
Accordingly, appellant then filed a motion for post conviction relief below and moved to vacate and/or set aside his 1996 plea. He claimed, inter alia, that his attorney was ineffective for failing to object to the sentence and failing to advise him that he could withdraw his plea. The trial court entered an order granting in part and denying in part appellant’s motion. Specifically, the court granted relief on the later burglary case and reduced appellant’s sentence from 112.5 months to 78.75 months in prison. However, the court denied relief as to the thirty (30) year sentence on the probation violation and denied his request for an evidentiary hearing. Appellant then appealed that denial to this court, which affirmed, per curiam, on March 11, 1998. See Willis v. State, 709 So.2d 546 (Fla. 4th DCA 1998).
Soon after this court issued its opinion, appellant sought and was granted this belated direct appeal from his original plea and sentence in 1994. The appellant’s brief, however, raises issues relating solely to the later plea entered in 1996.[1] Those issues are not properly before this court, *1020 as they have been previously adjudicated on both direct appeal and the appeal from the denial of the motion for postconviction relief. See Rahymes v. State, 730 So.2d 420, 421 (Fla. 5th DCA), cause dismissed, 733 So.2d 516 (Fla.1999)(successive collateral motion is subject to dismissal unless it alleges new or different grounds). See also Foster v. State, 614 So.2d 455, 458 (Fla.1992); Davis v. State, 589 So.2d 896 (Fla.1991); Raley v. State, 675 So.2d 170, 173-74 (Fla. 5th DCA), cause dismissed, 678 So.2d 1287 (Fla.), appeal dismissed, 683 So.2d 484 (Fla.1996).
While the review from a plea of guilty is very limited, see Florida Rule of Appellate Procedure 9.140(b)(2), an illegal sentence can always be addressed, either on direct appeal or by postconviction motion. However, appellant has raised ■ no issues relating to the impropriety of his original sentence in this case. Thus, his original conviction and sentence of probation are affirmed, without prejudice to any rights he may have to attack his sentence either through Florida Rule of Criminal Procedure 3.800 or Florida Rule of Appellate Procedure 9.140(j) as to ineffective assistance of appellate counsel.
Affirmed.
TAYLOR, J., concur.
KLEIN, J., concurring specially with opinion.

. Willis’ appellate counsel in this appeal is the same counsel who represented him in his earlier appeal.