PER CURIAM.
Kenneth Patterson (Defendant) appeals an order denying his motion to correct illegal sentence, filed pursuant to rule 3.800(a), Florida Rules of Criminal Procedure. We affirm, but remand for the circuit court to correct a scrivener’s error.
In 1998, following a jury trial, defendant was convicted of robbery with a firearm. He was sentenced to life in prison both as a habitual violent felony offender (HVFO) and as a prison release reoffender (PRR).
Thereafter, on appeal from the trial court’s denial of defendant’s rule 3.850 mo *265 tion, this court remanded for resentencing only as a PRR, consistent with Grant v. State, 770 So.2d 655 (Fla.2000). Patterson v. State, 860 So.2d 528 (Fla. 4th DCA 2003). In March 2004, the trial court deleted the HVFO designation. No appeal was taken from that order.
In the instant rule 3.800(a) motion filed in 2012, defendant now challenges his life sentence, claiming the trial court in 2004 failed to orally pronounce any enhancement penalty. The written sentence was consistent. Among the documents which defendant attached to his motion were: a copy of the March 3, 2004 order deleting the habitual offender designation from the sentence; a new sentencing order dated March 3, 2004, containing a note at the top reading “ * Habitual Offender Deleted *,” but leaving the box next to “PRISON RELEASEE REOFFENDER” unchecked; and, a court disposition order dated March 3, 2004, providing only “life sentence to remain only delete the habitual offender.” Defendant argued that because his sentencing guidelines scoresheet generated a maximum sentence of less than ten years, and the trial court did not orally pronounce the PRR designation, a life sentence could not legally be imposed. Defendant noted in his motion that the sentencing error in his case was clear on the face of the record — he now was sentenced to life, but without any enhancement, which was an illegal sentence. He requested resentencing pursuant to the applicable guidelines. Defendant cited cases such as Akins v. State, 98 So.3d 60 (Fla. 2d DCA 2009) (reversing summary denial of 3.800(a) motion and holding that trial court, which imposed sentence on revocation of probation without mentioning defendant’s habitual felony offender status, then later modified sentence to clarify it was imposed as HFO sentence, violated double jeopardy), approved, 69 So.3d 261 (Fla.2011), and cases cited therein.
The trial court summarily denied the motion, explaining that deleting the habitual offender designation, rather than conducting a new sentencing hearing, was not illegal, and that the motion was frivolous.
This appeal followed. In his initial brief, defendant states that he was transported back to the Broward County Jail but a new sentencing hearing was not held; instead, the trial court merely stated that the HVFO designation was deleted. It did not re-pronounce the PRR life sentence but entered a written order reflecting a life term without any enhancing designation. This court had remanded for resentencing, but resentencing did not take place. The unenhanced life term, not as a PRR, exceeds the guidelines maximum sentence, which is less than ten years.
We distinguish this case from those defendant cited in that in those cases, the various sentencing courts had discretion to impose a sentence without habitualization, but the trial court in this case had no discretion to sentence defendant without PRR status; defendant already had been sentenced as a PRR, and this court’s decision requiring resentencing did not authorize the trial court to do anything other than to maintain that sentence, eliminating only the habitual sentence. Defendant’s allegation that no resentencing hearing was held only supports the conclusion that all the trial court did was delete the HVFO sentence.
Thus, we affirm, but direct the trial court on remand to correct the scrivener’s error in omitting to check the PRR box on the sentencing order.

Affirmed but Remanded.

WARNER, POLEN and CIKLIN, JJ., concur.