GERBER, J.
The defendant appeals from his conviction for robbery with a firearm and his resulting life sentence as a habitual felony offender (HFO), habitual violent felony offender (HVFO), and prison releasee reof-fender (PRR). The defendant argues the *391 trial court erred in two respects: (1) sustaining the state’s hearsay objection to his cross-examination concerning the victim’s inconsistent statements about the amount of money taken during the alleged robbery; and (2) denying his Florida Rule of Criminal Procedure 3.800(b)(2) motion to correct sentence, which argued Florida law prohibits imposing HFO and HVFO sanctions for the samé crime and imposing HVFO and PRR sentences of the same duration.
On the defendant’s first argument, we affirm. On the defendant’s second argument, the state concedes error requiring reversal and correction of the sentence. We address the defendant’s arguments in turn.

1. No Harmful Error Exists from the ' Court’s Sustaining the State’s Hearsay Objection

On the defendant’s first argument, that the court erred in sustaining the state’s hearsay objection to his cross-examination concerning the victim’s inconsistent statements about the amount of money taken during the alleged robbery, we agree with the state’s three arguments in response that no harmful error exists.
First, the defendant did not establish the proper foundation to introduce evidence of the victim’s inconsistent statements. See Pearce v. State, 880 So.2d 561, 569-70 (Fla.2004) (“Before a witness can be impeached with a prior inconsistent statement, the proper foundation must be laid. Prior to questioning a witness about the contents of a previous inconsistent statement, counsel must call to the witness’s attention the time, place, and person to whom the statement was allegedly made.”) (citations omitted).
Second, the victim’s inconsistent statements about the amount of money taken during the alleged robbery did not “involve a material, significant fact rather than mere details.” Id. at 569 (citation omitted). The victim testified at trial that he believed “somewhere between ninety and one hundred forty dollars” was taken from his pockets, but he was not sure of the exact amount because he had been purchasing drinks for himself and others on the night of the robbery. That testimony was not materially different from the ninety dollar amount which he told the police on, the night of the robbery. Likewise, because the information alleged that the defendant took property from the victim in an amount less than $300, and the jury was not asked to make a factual finding of the amount taken, whether the amount was ninety dollars or one hundred forty dollars did not involve a material, significant fact. See id. (“ ‘Nit-picking’ is not permitted under the guise of prior inconsistent statements.”).
Third, even if the court erred in sustaining the state’s hearsay objection, the error was harmless. The defendant ultimately elicited from one of the investigating officers the fact that the victim said on the night of the robbery that ninety dollars was taken. Defense counsel then pointed out the inconsistency during closing: “[Fjirst [the victim] stated that he was robbed of ninety dollars and his cell phone was stolen. At another time, when he testified, he said it was one hundred forty dollars and a cell phone.” Because the defendant ultimately elicited the inconsistency and pointed out the inconsistency during closing, no reasonable possibility exists that any error in sustaining the state’s objection to the defendant’s earlier attempt to elicit the inconsistency contributed to the conviction. See State v. DiGuilio, 491 So.2d 1129, 1138 (Fla.1986) (“The harmless error test ... places the burden on the state, as the beneficiary of the error, to prove beyond a reasonable doubt that the error complained of did not con *392 tribute to the verdict or, alternatively stated, that there is no reasonable possibility that the error contributed to the conviction.”).

2. The Court Erred in Sentencing the Defendant

In the defendant’s rule 3.800(b)(2) motion to correct sentence, he argued that argued Florida law prohibits imposing: (1) HFO and HVFO sanctions for the same crime, see Clines v. State, 912 So.2d 550, 560 (Fla.2005) (“[O]nly one recidivist category in section 775.084 may be applied to any given criminal sentence.”); and (2) HVFO and PRR sentences of the same duration, see Grant v. State, 770 So.2d 655, 659 (Fla.2000) (a defendant cannot be sentenced as both an HFO and a PRR for the same crime unless the HFO sentence would be longer than the PRR sentence).
The state responded to the defendant’s rule 3.800(b)(2) motion by agreeing that the court erred in sentencing him as he described." The state recommended that the court correct the sentencing order by deleting the HFO and HVFO designations, while leaving the PRR designation unchanged.
The court did not enter an order on the defendant’s rule 3.800(b)(2) motion within sixty days and, therefore, the motion was deemed denied. See Fla. R. Crim. P. 3.800(b)(2)(B) (2014) (“[I]f the trial court does not file an order ruling on the motion within 60 days, the motion shall be deemed denied.”).
In response to the defendant’s appeal of that denial, the state again concedes the court's sentencing error and recommends that we remand this case solely to correct the sentencing order by deleting the HFO and HVFO designations, while leaving the PRR designation unchanged.
We agree with the state’s concession. See Clines, 912 So.2d at 560; Grant, 770 So.2d at 659.
Based on the foregoing, we reverse the denial of the defendant’s 3.800(b)(2) motion, and remand this case solely to correct the sentencing order by deleting the HFO and HVFO designations, while leaving the PRR designation unchanged. To accomplish this task, it shall not be necessary for the court to hold a resentencing hearing. See Patterson v. State, 114 So.3d 264, 265 (Fla. 4th DCA 2013) (resentencing hearing not required where, on remand, the sentencing court was not authorized to do anything other than maintain the PRR sentence and eliminate the HVFO sentence).

Affirmed in part, reversed in part, and remanded to correct sentence.

CONNER and KLINGENSMITH, JJ., concur.