DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ADOLPHUS MUNDEN,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D2023-0949

[November 19, 2025]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Andrew L. Siegel, Judge; L.T. Case No. 18000182CF10A.

Daniel Eisinger, Public Defender, and Timothy Wang, Assistant Public Defender, West Palm Beach, for appellant.

James Uthmeier, Attorney General, Tallahassee, and Rachael Kaiman, Senior Assistant Attorney General, West Palm Beach, for appellee.

SHEPHERD, J.

Adolphus Munden appeals his convictions and sentences for attempted first degree murder with a firearm (Count 1) and felon in possession of a firearm (Count 2). Munden raises five issues on appeal. For the reasons discussed below, we affirm in part and reverse in part. We affirm without further discussion on issues I, II, III, and V.

On issue IV, Munden claims the trial court reversibly erred by denying his motions to correct sentence. We agree.

**Background**

The trial court: (1) adjudicated Munden guilty and sentenced him to life in prison; (2) imposed a mandatory minimum of life in prison as a prison releasee reoffender ("PRR") and as a habitual violent felony offender ("HVFO"); and (3) imposed a mandatory minimum of twenty-five years in prison under Florida's 10-20-Life statute on Count 1, a felony punishable by life. Also, regarding Count I, the trial court designated Munden as a habitual felony offender ("HFO"), but did not specify a sentence related to

that designation.  The trial court further sentenced Munden to fifteen years' imprisonment as an HFO on Count 2, to run concurrently with his sentence on Count 1.  The trial court did not impose either the three-year or ten-year mandatory minimum sentences required under section 775.087(2)(a)1, Florida Statutes (2016).  Munden agreed that he qualified as an HFO, an HVFO and a PRR based on his prior criminal history.  He cannot collaterally attack those designations now.  *See State v. Harbaugh*, 754 So 2d. 691 (Fla. 2000).  However, Munden may challenge the legality of his sentences for those designations on direct appeal and in a Florida Rule of Criminal Procedure 3.800(b) motion.  *See Willis v. State*, 760 So. 2d 1018, 1020 (Fla. 4th DCA 2000).

### Prison Releasee Reoffender Sentence

Munden's rule 3.800(b)(2) motions to correct sentence argued that his PRR designation and sentence are *ex post facto* violations.   Our analysis in *Salvo v. State*, 199 So. 3d 390 (Fla. 4th DCA 2016), squarely addresses Munden's argument:

> Florida law prohibits imposing: (1) HFO and HVFO sanctions for the same crime, *see Clines v. State,* 912 So.2d 550, 560 (Fla. 2005) ("[O]nly one recidivist category in section 775.084 may be applied to any given criminal sentence."); and (2) HVFO and PRR sentences of the same duration, *see Grant v. State,* 770 So. 2d 655, 659 (Fla. 2000) (a defendant cannot be sentenced as both an HFO and a PRR for the same crime unless the HFO sentence would be longer than the PRR sentence)."

*Id.* at 392.

The state concedes that Munden's PRR sentence was improper, as were the dual HFO and HVFO designations on Count 1.  We agree with those concessions.

Munden's 2016 conviction upon which the state relied to request a PRR designation on Count 1 was not a qualifying offense.  On July 12, 2016, Munden was released on a prison sentence from the Broward County jail. The 2016 version of Florida's PRR statute required release from a "state correctional facility operated by the Department of Corrections ...."  § 775.082(9)(a)1., Fla. Stat. (2016).  In 2018, the Florida Supreme Court held in *State v. Lewars*, 259 So. 3d 793 (Fla. 2018):

2

> [T]o satisfy the "released from" aspect of the PRR definition based on release from "a state correctional facility operated by the Department of Corrections or a private vendor," a defendant must have been incarcerated in and physically released from a prison, and not a county facility operated by the local government, within the statutory period.

*Id.* at 800.

In 2019, post-*Lewars*, the legislature amended section 775.082, authorizing PRR status for any defendants released from "a county detention facility following incarceration for an offense for which the sentence pronounced was a prison sentence ...." § 775.082(9)(a)1., Fla. Stat. (2019). Therefore, Munden's PRR designation and sentence are *ex post facto* violations because he is subject to the 2016 version of Florida's PRR statute, rendering Munden's PRR sentence illegal.

### Habitual Felony Offender and Habitual Violent Felony Offender

Munden conceded that he qualified as an HFO and HVFO based on his criminal history. On Count 1, the trial court designated Munden both as an HFO and an HVFO. The trial court's dual designations cannot stand. Our supreme court concluded that "because section 775.084 generates differing reasonable constructions, we endorse the construction that favors the defendant and hold that only one recidivist category in section 775.084 may be applied to any given criminal sentence." *Clines v. State*, 912 So. 2d 550, 560 (Fla. 2005).

### Resentencing Hearing
### Count 1

For the reasons stated above, and because the trial court believed it had no choice other than to impose a mandatory life sentence with a mandatory life minimum as a PRR, we reverse and remand for de novo sentencing on Count 1.

On remand, the trial court shall not impose a PRR designation and sentence. Section 775.084(4)(b), Florida Statutes (2016), permits the court to "sentence the habitual violent felony offender as follows: 1. In the case of a life felony or a felony of the first degree, for life, and such offender shall not be eligible for release for 15 years." Therefore, if the trial court designates Munden as an HVFO, the trial court must impose a minimum term of *fifteen years* and up to life. § 775.084(4)(b), Fla. Stat. (2016). The

court shall not impose a mandatory minimum sentence of life if the trial court designates Munden as an HVFO.

At resentencing, the trial court shall not designate or sentence Munden as both an HFO and an HVFO on Count 1. *Clines*, 912 So. 2d at 560.

The trial court shall reimpose the minimum mandatory sentence of twenty-five years and up to life pursuant to Florida's 10-20-Life statute, section 775.087(2)(a)3., Florida Statutes (2016):

> Any person who is convicted of a felony or an attempt to commit a felony listed in sub-subparagraphs 1.a.-p. or sub-subparagraph 1.r., regardless of whether the use of a weapon is an element of the felony, and during the course of the commission of the felony such person discharged a "firearm" or "destructive device" as defined in s. 790.001 and, as the result of the discharge, death or great bodily harm was inflicted upon any person, the convicted person *shall be sentenced to a minimum term of imprisonment of not less than 25 years and not more than a term of imprisonment of life in prison.* (emphasis added).

## Count 2

On remand, on Count 2, we affirm the fifteen-year sentence as an HFO, and remand for the trial court to impose either the three-year or ten-year mandatory minimum sentence for the firearm enhancement pursuant to section 775.087, Florida Statutes (2016).

First, the trial court understood the maximum penalty which Munden faced on Count 2. Therefore, Munden faces no greater exposure on Count 2 than the trial court originally had imposed, plus the correction to impose the mandatory minimum sentence. Felon in possession of a firearm is a second-degree felony and, without enhancement, is punishable by fifteen years in the Department of Corrections. *See* § 790.23(3), Fla. Stat. (2016). As an HFO, Munden faced a maximum penalty of imprisonment for 30 years. *See* § 775.084(4)(a)2., Fla. Stat. (2016) ("In the case of a felony of the second degree, for a term of years not exceeding 30.").

Second, because the trial court sentenced Munden as an HFO to fifteen years' imprisonment and failed to impose the nondiscretionary mandatory minimum sentence, the trial court shall resentence Munden to include either the three-year or ten-year minimum sentence. Section 775.087(2)(a)1., Florida Statutes (2016), provides:

4

[A] person who is convicted for possession of a firearm by a felon . . . shall be sentenced to a minimum term of imprisonment of 3 years if such person possessed a "firearm" or "destructive device" during the commission of the offense. However, if an offender who is convicted of the offense of possession of a firearm by a felon has a previous conviction of committing or attempting to commit a felony listed in s. 775.084(1)(b)1. and actually possessed a firearm or destructive device during the commission of the prior felony, the offender shall be sentenced to a minimum term of imprisonment of 10 years.

Third, Munden shall be present for the resentencing on Count 2, for the trial court to impose the required mandatory minimum sentence. "[A] defendant is guaranteed the right to be present at any stage of [a] criminal proceeding that is critical to its outcome if his presence would contribute to the fairness of the procedure." *Dunbar v. State*, 89 So. 3d 901, 907 (Fla. 2012) (quoting *Kentucky v. Stincer*, 482 U.S. 730, 745 (1987)). "And because a sentencing proceeding in which a sentence is increased is a critical stage of trial at which the defendant's presence 'would contribute to the fairness of the procedure,' the court concluded that Mr. Dunbar was required to be present when the ten-year mandatory minimum was added to his life sentence." *Thomas v. State*, 286 So. 3d 884, 885 (Fla. 2d DCA 2019).

The state argues, and Munden agrees, that the trial court sentenced Munden on Count 2 as both an HFO and HVFO. This is incorrect. The trial court only pronounced and sentenced Munden as an HFO. The sentence order also incorrectly designated Munden as both an HFO and HVFO, which we correct below.

### Criminal Punishment Code Guidelines Scoresheet

The state concedes that the scoresheet is incorrect. We accept that concession. On remand, a corrected scoresheet shall be entered.

### Scrivener's Errors

The sentence order shall be corrected to mirror the trial court's oral pronouncement on Count 2, designating Munden only as an HFO. The trial court shall strike the HVFO designation. "Where a trial court's written sentencing order conflicts with the oral pronouncement, the oral pronouncement controls." *Raines v. State*, 317 So. 3d 1162 (Fla. 4th DCA

5

2021) (citing S*antiago v. State*, 133 So. 3d 1159, 1167 (Fla. 4th DCA 2014)); *see also Thomas v. State*, 183 So. 3d 479, 480 (Fla. 4th DCA 2016) (finding that the trial court's oral pronouncement controlled over a conflicting written sentencing order).

The written order of judgment shall also be corrected to reflect Count 1 is a life felony. "A court's written order of judgment and sentence must not vary from its oral pronouncement of judgment and sentence." *Patrick v. State*, 413 So. 2d 474, 475 (Fla. 2d DCA 1982); *see also Beasley v. State*, 330 So. 3d 138, 139 (Fla. 1st DCA 2021) ("Beasley was convicted of attempted first-degree murder under sections 782.04(1), 777.04, and 775.087, Florida Statutes (2006). Section 782.04(1) classifies first-degree murder as a capital felony. Section 777.04(4)(b) states that if the offense attempted is a capital felony, then the offense of criminal attempt is a first-degree felony. Thus, Beasley's offense was a first-degree felony before application of any firearm enhancements. Because he used a firearm during the commission of the offense, section 775.087(1)(a) reclassified the first-degree felony to a life felony. The trial court correctly classified the offense as a life felony. For this life felony, Beasley faced a possible punishment of 'imprisonment for life or by imprisonment for a term of years not exceeding life imprisonment.'"); § 775.082(3)(a)3., Fla. Stat. (2016).

*Affirmed in part, reversed in part, and remanded with instructions.*

GROSS and GERBER, JJ., concur.

\*      \*      \*

***Not final until disposition of timely-filed motion for rehearing.***