Mary Beth Westmoreland, Office of Atty. Gen., Atlanta, GA, for appellee.

**Milan LONCHAR, Jr., as Next–Friend to Larry Lonchar, Petitioner–Appellant,**

v.

**Albert G. THOMAS, Warden, Georgia Diagnostic and Classification Center, Respondent–Appellee.**

No. 95–8799.

United States Court of Appeals, Eleventh Circuit.

June 23, 1995.

Before TJOFLAT, Chief Judge, COX and DUBINA, Circuit Judges.

BY THE COURT:

Mr. Milan Lonchar, Jr., (Milan) acting as next friend to his brother Larry Grant Lonchar (Larry), has applied to this court for a certificate of probable cause to appeal, and for leave to proceed in forma pauperis. Larry's execution is scheduled for three o'clock this afternoon, June 23, 1995. The district court has dismissed Milan's petition for habeas corpus and denied his application for a certificate of probable cause.

Milan only has standing to bring this petition for writ of habeas corpus on his brother's behalf if Larry is incompetent to do so on his own. *Whitmore v. Arkansas,* 495 U.S. 149, 163, 110 S.Ct. 1717, 1727, 109 L.Ed.2d 135 (1990). Without holding an evidentiary hearing, the district court concluded that Milan lacks standing to prosecute the action on

his brother's behalf. The district court based its conclusion on two reasons. First, Milan has not proffered sufficient evidence to call into question prior federal court findings of Larry's competency to waive his rights. Second, a state court this week found that Larry remains competent to waive his rights.

■ We agree with the district court that a presumption of continued competency arises from a prior finding of competency. *Smith v. Armontrout,* 865 F.2d 1502, 1505 (8th Cir.1988). Larry's sister, Chris Kellogg, previously filed a federal habeas petition on Larry's behalf. At that time, the district court conducted an extensive evidentiary hearing as to Larry's competency to bring an action on his own behalf. Based on expert testimony, the district court found Larry competent to waive his rights under the standard of *Rees v. Peyton,* 384 U.S. 312, 314, 86 S.Ct. 1505, 1506, 16 L.Ed.2d 583 (1966), that a person is incompetent when a mental disease or disorder hinders the person's understanding of his legal position and options and prevents him "from making a rational choice among his options." *Lonchar v. Zant,* 978 F.2d 637, 641 (11th Cir.1992).

■ The district court correctly concluded that Milan has not proffered evidence sufficient to warrant an evidentiary hearing to question this prior finding of competence. The prior finding therefore stands, and Milan lacks standing to pursue this petition on Larry's behalf. We further find that Milan's lack of standing is not "debatable among jurists of reason." *Barefoot v. Estelle,* 463 U.S. 880, 893 n. 4, 103 S.Ct. 3383, 3394 n. 4, 77 L.Ed.2d 1090 (1983).

For these reasons, the application for certificate of probable cause is DENIED. While no request for a stay of execution has been filed, we deem the request for a certificate of probable cause to implicitly include such a request, and the request is DENIED. The motion for leave to proceed in forma pauperis is DENIED as moot.